**Hanwen LIU, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 04–71928.**

**Agency No. A95–315–266.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 12, 2005.*

Decided Sept. 26, 2005.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Douglas Ingraham, Alhambra, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Angela Davis, Asst. U.S. Atty., USLA—Office of the U.S. Attorney, Los Angeles, CA, William C. Minick, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before REINHARDT, RYMER and HAWKINS, Circuit Judges.

## MEMORANDUM**

Hanwen Liu, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the immigration judge's denial of his application for asylum, withholding of removal and relief under the Convention Against Torture. We have jurisdiction un-

** This disposition is not appropriate for publication and may not be cited to or by the

der 8 U.S.C. § 1252. We grant the petition for review and remand.

Substantial evidence does not support the adverse credibility determination. The IJ's adverse credibility findings fail because the omissions identified in Liu's testimony and asylum application, which involve a police shut down of a Falun Gong gathering and a police search of Liu's home, were minor details within consistent and detailed testimony. *See Bandari v. INS,* 227 F.3d 1160, 1166–67 (9th Cir. 2000). Furthermore, the BIA's determination that Liu's testimony was inconsistent is not supported by substantial evidence because Liu's statements, regarding his experiences at a labor camp, do not conflict. *See id.* at 1167.

We therefore grant the petition and remand for further proceedings so that the BIA can address the merits of Liu's case. *See INS v. Ventura,* 537 U.S. 12, 16–17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

PETITION FOR REVIEW GRANTED; REMANDED.